1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   CAROL GESCHKE,

9                                    Plaintiff,            Case No. C13-1069-MJP-BAT

10                  v.                                     **REPORT AND**
                                                          **RECOMMENDATION**
11   SOCIAL SECURITY ADMINISTRATION,

12                                    Defendant.

13

14          Carol Geschke, by counsel Marja Starczewski, filed a 79-page complaint for "Refund of

15   Alleged 'Overpayment,' Injunction, Declaratory Relief and Money Damages."  Dkt. 1.  Ms.

16   Starczewski has since been suspended from practice in this Court, and Ms. Geschke is now

17   proceeding *pro se*.  Dkt. 15 (citing *In re Starczewski*, RD13-82-MJP).

18          The Commissioner moves to dismiss Ms. Geschke's complaint pursuant to Federal Rules

19   of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a

20   claim upon which relief can be granted.  Dkt. 11.  To the extent the Court has jurisdiction, the

21   Commissioner also moves for a more definite statement pursuant to Federal Rule of Civil

22   Procedure 12(e).  *Id.*  Ms. Geschke did not file a response.  For the reasons discussed below, the

23   Court recommends that the Commissioner's motion be **GRANTED** in part and **DENIED** in part.

REPORT AND RECOMMENDATION - 1

# BACKGROUND

## A.      *Procedural History*

This matter has a lengthy procedural history.[1]  Ms. Geschke began receiving disability benefits in 1994.  From 1995 through 2001, she worked at Safeco Insurance Company.  She continued to receive disability benefits during this time.

In 2003, the Commissioner determined that, due to her substantial gainful activity ("SGA") with Safeco, Ms. Geschke's entitlement to disability benefits had ended in December 1995, and therefore, she had received payments to which she was not entitled.  Ms. Geschke requested reconsideration of this decision, but the Commissioner affirmed.  Ms. Geschke then requested a hearing on the reconsideration decision and filed a request for expedited reinstatement of benefits.  She did not, however, additionally request a waiver of recoupment of the overpayments by filling out required Form SSA-632-BK.  In March 2004, the Commissioner granted Ms. Geschke's request for expedited reinstatement of benefits, effective August 2003.

ALJ Donald Krainess held a hearing and issued a decision in December 2005, the details of which are not relevant to the instant matter.  Ms. Geschke requested review, and in August 2006, the Appeals Council remanded to the ALJ for further proceedings.

Ms. Geschke then filed an action against the Social Security Administration ("SSA") in this Court, alleging, among other claims, a due process violation because she was denied benefits without a hearing.  *Geschke v. Soc. Sec. Admin.*, No. C06-1256C, Dkts. 1, 22.  In April 2007, the Court dismissed Ms. Geschke's claims for lack of subject matter jurisdiction.  *Geschke v. Soc. Sec. Admin.*, No. C06-1256C, 2007 WL 1140281 (W.D. Wash. Apr. 17, 2007) ("*Geschke I*").

In the meantime, ALJ Krainess held a second hearing and issued a decision in March

---

[1] For a more detailed procedural history through 2008, see *Geschke v. Astrue*, No. C08-0323-MAT, Dkt. 39 (W.D. Wash. Sept. 18, 2008).

2007, finding Ms. Geschke ineligible for disability insurance benefits due to her performance of SGA "from December 1998 until such date as she became eligible for a resumption of benefits based on her request for expedited reinstatement of benefits filed in August 2003." Tr. 212.  He declined to address the amount of any overpayment or whether recoupment of the overpayment should be waived. Tr. 211.  The Appeals Council denied Ms. Geschke's request for review.

Ms. Geschke then appealed to this Court.  *Geschke v. Astrue*, No. C08-232-MAT.  The Court concluded that substantial evidence supported the ALJ's decision that her disability benefits ceased due to the performance of SGA and that she was no longer entitled to disability insurance benefits during the period of December 1998 through August 2003.  *Geschke v. Astrue*, No. C08-232-MAT, Dkt. 39 at 15 (W.D. Wash. Sept. 18, 2008) ("*Geschke II*").  The Court also concluded that it did not have subject matter jurisdiction over Ms. Geschke's claims related to overpayment of benefits, the onset date of expedited reinstatement of benefits, and waiver of recoupment of overpayment because she had not exhausted her administrative remedies as to these claims.  *Id.* at 13-15, 25.  Ms. Geschke appealed to the Ninth Circuit, which affirmed.  *Geschke v. Astrue*, 393 Fed. Appx. 470 (9th Cir. 2010) ("*Geschke III*").

While her case before the Ninth Circuit was pending, the Commissioner decided the outstanding issues of how much Ms. Geschke was overpaid and when she was entitled to expedited reinstatement of her disability benefits.  ALJ Verrell Dethloff held a hearing on January 27, 2009, and issued decisions on February 3, 2009, and February 4, 2009.  The Appeals Council granted review of these decisions and remanded the case back to the ALJ.

ALJ Dethloff held another hearing and issued a decision in January 2011, finding Ms. Geschke was overpaid $72,759.38 during the period of March 1996 through February 2002; she was entitled to expedited reinstatement of her disability benefits effective in March 2002, but not

1   before that date; and the ALJ did not have jurisdiction over the question of waiver of recoupment

2   of the overpayment because there was no initial determination by the SSA.  Tr. 24-44.

3          Ms. Geschke timely appealed.  The Appeals Council ultimately denied Ms. Geschke's

4   request for review and request for a hearing regarding waiver of recoupment of the overpayment.

5   Ms. Geschke timely filed this instant action, which appeals the January 2011 decision and alleges

6   a number of other claims.

7   **B.     *The Complaint***

8          The bulk of Ms. Geschke's 79-page complaint consists of a lengthy procedural history

9   that need not be detailed here.  *See* Dkt. 1.  In summary, Ms. Geschke alleges the following

10  claims:  (1) "Cause of Action" for "Failure to Consider Disability in 1999 through 2003," *id.* ¶¶

11  4.1-4.7; (2) "Cause of Action" for "Failure to Consider Disability in 1996 through 1998—

12  Missing Records," *id.* ¶¶ 5.1-5.5; (3) the ALJ's 2011 decision erroneously addressed the issues

13  of overpayment and expedited reinstatement of benefits, *id.* ¶¶ 1.1-1.9, 1.160-1.161, 6.1-6.8; (4)

14  the Appeals Council erroneously denied Ms. Geschke's request for review of the ALJ's 2011

15  decision and failed to consider her arguments, *id.* ¶¶ 1.10-1.11, 1.142-1.159; (5) the ALJ's 2011

16  decision and the SSA improperly handled the issue of waiver of recoupment, *id.* ¶¶ 1.19, 1.21-

17  1.22, 1.41, 1.118-1.120, 1.123, 1.132, 7.1-7.48; (6) "Cause of Action" for "10 Years Delay in

18  Processing 2003 Notice, 20 Years Delay in Processing 1994 Disability Claim," *id.* ¶¶ 8.1-8.7; (7)

19  due process violation for stopping benefits without a pre-termination hearing, *id.* ¶¶ 3.1-3.10; (8)

20  due process violation for failing to consider arguments regarding expedited reinstatement of

21  benefits, *id.* ¶¶ 6.9-6.10; (9) due process violation for December 24, 2008 actions taken by ALJ

22  Dethloff, *id.* ¶¶ 1.78-1.92; (10) due process violation for August 24, 2010 action taken by ALJ

23  Dethloff, *id.* ¶¶ 1.128-1.130; (11) due process violation for issuing Appeals Council decisions

1    that did not include notices of appeal rights, *id.* ¶¶ 1.110-1.114, 1.116, 1.121-1.122; (12)

2    mandamus jurisdiction, *id.* ¶¶ 1.20; (13) federal question jurisdiction, *id.* ¶ 1.163; and (14) civil

3    rights claims, *id.* ¶ 1.163.

4                                          **LEGAL STANDARDS**

5    ***A.    Motion to dismiss for lack of subject matter jurisdiction***

6              Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of*

7    *Amer.*, 511 U.S. 375, 377 (1994). "[I]t is well established that district courts may address

8    questions of subject matter jurisdiction sua sponte." *Watkins v. Vital Pharm., Inc.*, 720 F.3d

9    1179, 1181 (9th Cir. 2013). The party asserting jurisdiction—here, Ms. Geschke—bears the

10   burden of proving that subject matter jurisdiction exists. *Kokkonen*, 511 U.S. at 377.

11             A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court.

12   *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). "Rule 12(b)(1)

13   jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

14   2000). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint,

15   whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic

16   evidence, including matters of public record. *Id.*; *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th

17   Cir. 2004).

18   ***B.    Motion to dismiss for failure to state a claim***

19             Under Rule 12(b)(6), a court should dismiss a complaint if it fails to state a claim upon

20   which relief can be granted. A dismissal under Rule 12(b)(6) may be based on the lack of a

21   cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal

22   theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Thus "[t]o survive a motion to

23   dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

REPORT AND RECOMMENDATION - 5

1    relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell*

2    *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In determining whether to grant a Rule

3    12(b)(6) motion, the Court must accept as true all "well-pleaded factual allegations" in the

4    complaint.  *Iqbal*, 556 U.S. at 679.  The Court, however, is not bound to accept as true labels,

5    conclusions, formulaic recitations of the elements, or legal conclusions couched as factual

6    allegations.  *Twombly*, 550 U.S. at 555.

7                                        **DISCUSSION**

8    *A.    Res judicata*

9           The Commissioner contends that Ms. Geschke alleges claims that are barred by the

10   doctrine of res judicata.  Dkt. 11 at 8-10.  The Court agrees that at least some of Ms. Geschke's

11   claims must be dismissed on this ground.

12          "Under res judicata, a final judgment on the merits of an action precludes the parties or

13   their privies from relitigating issues that were or could have been raised in that action."  *Allen v.*

14   *McCurry*, 449 U.S. 90, 94 (1980); *see also Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.

15   2002).  Res judicata "applies if there is (1) an identity of claims; (2) a final judgment on the

16   merits; and (3) identity or privity between parties."  *Providence Health Plan v. McDowell*, 385

17   F.3d 1168, 1174 (9th Cir. 2004) (internal quotation marks and citations omitted).

18          *1.    Identity of claims*

19          In determining whether the instant action concerns the same claims as the prior action,

20   the Ninth Circuit considers:

21          (1) Whether rights or interests established in the prior judgment would be
            destroyed or impaired by prosecution of the second action; (2) whether
22          substantially the same evidence is presented in the two actions; (3) whether the
            two suits involve infringement of the same right; and (4) whether the two suits
23          arise out of the same transactional nucleus of facts.  The last of these criteria is the
            most important.

REPORT AND RECOMMENDATION - 6

*Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citation omitted).

Here, there is an identity of claims to the extent that Ms. Geschke's current claims arise out of

the same transactional nucleus of facts as *Geschke II* and *Geschke III*, namely the ALJ's March

2007 decision and the cessation of her benefits due to SGA. As the Commissioner argues, Ms.

Geschke's "Cause of Action" for "Failure to Consider Disability in 1999 through 2003" falls into

this category because it is essentially a challenge to the 2007 finding of SGA. *See* Dkt. 1 ¶¶ 4.1-

4.7. Ms. Geschke's "Cause of Action" for "Failure to Consider Disability in 1996 through 1998

– Missing records" similarly implicates the cessation of her benefits.[2] *See id.* ¶¶ 5.1-5.5.

### 2. *Final judgment on the merits*

A final judgment on the merits exists because the courts in *Geschke II* and *Geschke III*

determined that the ALJ's March 2007 decision was free of legal error and supported by

substantial evidence.

### 3. *Privity between the parties*

Privity between the parties exists when the parties in both actions are identical. *See*

*Tahoe–Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir.

2003). In *Geschke II,* Ms. Geschke sued the Commissioner of the SSA and the SSA itself. Here,

Ms. Geschke names only the SSA itself. The proper defendant in a civil action against the SSA

is the Commissioner of the SSA. *See* 20 C.F.R. § 422.210(d) ("Where any civil action [against

the SSA] is instituted, the person holding the Office of the Commissioner shall, in his official

capacity, be the proper defendant."). Thus, just as in the prior action, Ms. Geschke has filed suit

against the Commissioner of the SSA, and therefore privity between the parties exists.

---

[2] The Commissioner contends that additional claims are barred by res judicata, however the
Court deems it more appropriate to discuss these claims under the exhaustion requirements of 42
U.S.C. § 405(g).

1       ***4.    Summary of res judicata ruling***

2       In sum, the Court concludes that res judicata bars Ms. Geschke's "Causes of Action" as

3   alleged in paragraphs 4.1-4.7 and 5.1-5.5 of the complaint, and therefore recommends these

4   claims be DISMISSED.  This ruling renders a number of related factual allegations immaterial.

5   *See* Dkt. 1 ¶¶ 1.42, 1.49-1.58, 1.61-1.77, 2.3, 2.7-2.8, 2.10.  For clarity, the Court recommends

6   STRIKING these allegations.  *See* Fed. R. Civ. P. 12(f) (court may *sua sponte* strike from a

7   pleading any "immaterial" matter).

8   **B.**    ***Jurisdiction under 42 U.S.C. § 405(g)***

9       The Commissioner argues that the Court lacks jurisdiction over Ms. Geschke's claims

10  related to waiver of recoupment because she has not exhausted her administrative remedies.  Dkt.

11  11 at 11-13.  The Court agrees.  Further, pursuant to the Court's independent responsibility to

12  assure itself of its jurisdiction, the Court sua sponte considers whether Ms. Geschke has alleged

13  facts establishing administrative exhaustion of her other claims.  *See Watkins*, 720 F.3d at 1181.

14  The Court concludes that the only claims over which it has jurisdiction are Ms. Geschke's

15  challenges the ALJ's 2011 decision regarding overpayment and expedited reinstatement of

16  benefits; Ms. Geschke does not allege facts establishing exhaustion of her administrative

17  remedies with respect to any other claim.  The Court further concludes that waiver of the

18  administrative exhaustion requirement is not appropriate, and that Ms. Geschke does not satisfy

19  the exception to administrative exhaustion for colorable constitutional claims.

20      ***1.    Exhaustion of administrative remedies***

21      The United States and its agencies, including the SSA, are immune from suit absent a

22  statutory waiver.  *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).  The Social

23  Security Act ("the Act") contains a narrow waiver of sovereign immunity; as to claims arising

under Title II of the Act, federal courts may review only "final decisions" where the administrative exhaustion requirements have been met.  *See* 42 U.S.C. §§ 405(g), (h); *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).  Specifically, § 405(g) "provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim."  *Bass*, 872 F.2d at 833.  A "final decision" includes a non-waivable component—presentation of the claim to the SSA—and a waivable component— exhaustion of the SSA's prescribed administrative remedies.  *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).  Exhaustion requires completing the four steps of the administrative review process:  (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review.  *See* 20 C.F.R. § 404.900(a).

As summarized above, Ms. Geschke makes a number of claims.  She appeals from the ALJ's January 2011 decision, alleging error with respect to his determination of the overpayment and the expedited reinstatement of her benefits.  *See* Dkt. 1 ¶¶ 1.1-1.9, 1.160-1.161, 6.1-6.8.  The January 2011 decision is a "final decision" because it was made after a hearing and the Appeals Council denied Ms. Geschke's request for review.  *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011).  As such, the Court has jurisdiction over this claim, which also satisfies the pleading requirements of Rule 12(b)(6).

Ms. Geschke also raises a number of issues with respect to the Appeals Council's denial of her request for review of the ALJ's January 2011 decision.  *See* Dkt. 1 ¶¶ 1.10-1.11, 1.142-1.159.  In particular, she alleges that the Appeals Council did not address the substance of the issues raised in her appeal.  *Id.* ¶¶ 1.57-1.58.  The Appeals Council decision denying Ms. Geschke's request for review, however, is a non-final agency action that is not subject to judicial

1    review.  *See Taylor*, 659 F.3d at 1231.  Therefore, the Court has no jurisdiction to review the

2    Appeals Council's decision.  *See id.*

3         Next, Ms. Geschke alleges that the ALJ erred in finding that he did not have jurisdiction

4    to hear her claim regarding waiver of recoupment.  Dkt. 1 ¶¶ 1.19, 1.21-1.22, 1.41, 1.118-1.120,

5    1.123, 1.132, 7.1-7.48.  A number of the allegations seek to establish that she did file a request

6    for waiver of recoupment.  There is no dispute, however, that Ms. Geschke has never filed Form

7    SSA-632-BK, which is required before the SSA will make an initial determination in the issue.

8    As such, Ms. Geschke has not exhausted her administrative remedies as to this claim.

9         Ms. Geschke further alleges a "Cause of Action" for "10 Years Delay in Processing 2003

10   Notice, 20 Years Delay in Processing 1994 Disability Claim," which essentially raises an abuse

11   of process claim against the Commissioner related to the handling of her disability claim over the

12   last twenty years.  *Id.* ¶¶ 8.1-8.7.  Ms. Geschke alleges that she "has repeatedly objected to the

13   piecemeal adjudication of her one and only claim," *id.* ¶ 8.2, but this allegation is insufficient to

14   establish that she exhausted her administrative remedies as to this claim.  As such, she does not

15   allege facts establishing the Court's jurisdiction over this claim.

16        Finally, Ms. Geschke alleges a number of due process violations.  Specifically, she

17   assigns error with respect to the SSA's decision to stop payments of her disability benefits

18   without a pre-termination hearing, the failure of the SSA to consider a number of arguments she

19   has raised, actions taken by ALJ Dethloff without a hearing or prior notice, and decisions by the

20   SSA that did not include notices of appeal rights.  *Id.* ¶¶ 1.78-1.92, 1.99, 1.110-1.114, 1.116,

21   1.121-1.122, 1.128-1.130, 6.9-6.10.  Again, however, she does not allege facts establishing that

22   she exhausted her administrative remedies as to these claims.

23

REPORT AND RECOMMENDATION - 10

### 2.    Waiver of administrative exhaustion

A claimant's failure to exhaust her administrative remedies generally deprives the district court of subject matter jurisdiction.  *Bass*, 872 F.2d at 833.  So long as claimant has presented her claim to the SSA, however, a court may find a waiver of the administrative exhaustion requirement for a plaintiff's claim if the claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)."  *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993).

The Court cannot waive the administrative exhaustion requirement for Ms. Geschke's claims related to waiver of recoupment and termination of her benefits without a pre-termination hearing because she has not presented these claims to the SSA.  Her claim related to waiver of recoupment has not been presented to the SSA because she has not filed the requisite form.  Her claim related to a pre-termination hearing is similarly barred because such a hearing is only required where there has been a formal request for waiver of recoupment.  *See Califano v. Yamasaki*, 442 U.S. 682, 692-97 (1979); *Geschke I*, at *9.  And even if Ms. Geschke had properly presented these claims to the SSA, she has not satisfied the three-part test articulated above.  Namely, these claims are not collateral to her substantive claim for benefits; rather, they are inextricably intertwined.  *See Geschke I*, at *9.  Ms. Geschke also has not alleged facts establishing irreparability or futility.  *See Kildare v. Saenz*, 325 F.3d 1078, 1083-84 (9th Cir. 2003) (at a minimum, irreparable harm requires "economic hardship," which includes "the experience or the entire effect of several months without food, shelter or other necessities," and futility occurs when "nothing is gained from permitting the compilation of a detailed factual record, or from agency expertise") (internal citation and quotation omitted)).

Assuming Ms. Geschke has presented the remainder of her claims to the SSA, none of these claims satisfy the three-part test.  At a minimum, her claims related to the Appeals Council's decision, abuse of process, and due process violations do not establish the financial hardship required for irreparability.  *See Kildare*, 325 F.3d at 1083.  As such, the Court declines to waive the unsatisfied administrative exhaustion requirement.

### 3.   *Exception to the administrative exhaustion requirement for colorable constitutional claims*

An exception to the administrative exhaustion requirement exists where a plaintiff raises a "colorable" constitutional challenge to the Commissioner's decision.  *Califano v. Sanders*, 430 U.S. 99, 109 (1977); *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001).  The Ninth Circuit has held that "the Sanders exception applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination."  *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001).  A constitutional claim that is not "wholly insubstantial, immaterial, or frivolous" is colorable.  *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (internal quotation marks and citation omitted).  The mere assertion of a bare constitutional violation without supporting allegations is not a colorable constitutional claim.  *Id.*  "Rather, the claim must be supported by facts sufficient to state a violation of substantive or procedural due process."  *Id.* (internal quotation marks and citation omitted).

Ms. Geschke alleges that the SSA violated her due process rights by ceasing benefits payments without a pre-termination hearing.  Dkt. 1 ¶¶ 3.1-3.10.  As discussed above, however, Ms. Geschke did not have a right to a pre-termination hearing because she did not file the proper form to request waiver of recoupment.  *See Yamasaki*, 442 U.S. at 692-97; *Geschke I*, at *9.  As such, she does not allege a colorable constitutional claim.

1    Ms. Geschke next alleges that the SSA violated her due process rights by failing to

2 consider the arguments she raised regarding expedited reinstatement of her benefits.  Dkt. 1 ¶¶

3 6.9-6.10.  Ms. Geschke, however, is exercising her meaningful right to be heard by filing the

4 instant action, which properly challenges the ALJ's decision on that issue, and as such, the Court

5 declines to find that Ms. Geschke has alleged a colorable constitutional claim.

6    Ms. Geschke also alleges that ALJ Dethloff took a number of actions on December 24,

7 2008, "with no notice, no opportunity for a hearing, and no other vestige of due process."  *See id.*

8 ¶¶ 1.78-1.92.  She cites to:  a letter in which ALJ Dethloff determined he did not have

9 jurisdiction to decide the issue of waiver of recoupment because Ms. Geschke had not submitted

10 the required form, and thus there had been no initial determination by the SSA; an interim notice

11 and interim order of dismissal of the issue of waiver of recoupment; an order of dismissal of Ms.

12 Geschke's request for a hearing on her request for retirement benefits, and an accompanying

13 notice of dismissal informing Ms. Geschke of her right to appeal the ALJ's decision to the

14 Appeals Council; and an order of dismissal of Ms. Geschke's request for payments through the

15 Critical Payment System because the decision not to issue a "critical pay" check is not an initial

16 determination by the SSA, and an accompanying notice of dismissal informing Ms. Geschke of

17 her right to appeal the ALJ's decision to the Appeals Council.  *See id.*  None of these allegations

18 establish a colorable due process claim.  Even if Ms. Geschke was not able to present

19 information to ALJ Dethloff prior to these determinations, she still had alternative avenues to be

20 meaningfully heard, namely, she could either appeal ALJ Dethloff's decisions to the Appeals

21 Council or properly present her claims to the SSA in the first instance so an initial administrative

22 determination could be made.  Ms. Geschke, in fact, exercised her right to appeal to the Appeals

23 Council.  *See id.* ¶¶ 1.110-1.114, 1.116, 1.121-1.122.

REPORT AND RECOMMENDATION - 13

Ms. Geschke further alleges ALJ Dethloff issued a letter on August 30, 2010, that "made decisions without prior notice, and without any opportunity for a hearing, or other opportunity for due process." *Id.* ¶ 1.129; *see also id.* ¶¶ 1.128, 1.130.  In particular, the August 30, 2010 letter denied Ms. Geschke's subpoena requests.  The letter, however, belies Ms. Geschke's claim that ALJ Dethloff decided the subpoena requests without due process; Ms. Geschke had a meaningful opportunity to be heard when she submitted her subpoena requests to ALJ Dethloff via an August 13, 2010 letter.  *See id.* ¶ 1.130.  That Ms. Geschke did not prevail on her subpoena requests does not establish a due process violation.

Finally, Ms. Geschke alleges that four Notices of Appeals Council Action she received did not include notice of appeal rights.  *Id.* ¶¶ 1.110-1.114, 1.116, 1.121-1.122.  In these notices, the Appeals Council denied Ms. Geschke's requests for review regarding:  her Medicare premiums, which the SSA had stopped paying to recoup the overpayment, *id.* ¶¶ 1.110-1.112; waiver of recoupment, *id.* ¶¶ 1.113-1.114; her retirement benefits, which the SSA had also stopped paying as a result of the overpayment, *id.* ¶¶ 1.116-1.120; and her complaints regarding the critical payment system, *id.* ¶¶ 1.121-1.122.  Based on the allegations in the complaint, the Appeals Council appears to have denied these requests for review because Ms. Geschke did not exhaust her administrative remedies as to either waiver of recoupment or the Critical Payment System issue.  Because Ms. Geschke did not follow the prescribed course of administrative review for these claims, the failure of the Appeals Council notices to apprise her of her appeal rights did not deprive her of a meaningful opportunity to be heard.  Rather, she still could have pursued her claims through proper administrative channels.  As such, she has not alleged a colorable constitutional claim.

REPORT AND RECOMMENDATION - 14

### *4.     Summary of jurisdictional findings under § 405(g)*

In sum, the only claims Ms. Geschke brings for which she alleges administrative exhaustion are those appealing the ALJ's 2011 decision regarding overpayment and expedited reinstatement of her benefits.  *Id.* ¶¶ 1.1-1.9, 1.160-1.161, 6.1-6.8; *see also id.* ¶¶ 1.59-1.60, 1.94-1.95, 1.131, 1.136, 1.139-1.140, 2.1-2.2, 2.4-2.5, 2.9, 2.11-2.16, 2.18-2.21 (arguably relevant factual allegations).  As to the remainder of the claims discussed in this section, waiver of the administrative exhaustion requirement is inappropriate.  Further, none of the alleged constitutional violations are colorable.  As such, the Court recommends DISMISSING these claims and STRIKING all corollary factual allegations.  *Id.* ¶¶ 1.10-1.11, 1.19, 1.21-1.22, 1.41, 1.78-1.93, 1.96-1.97, 1.110-1.114, 1.116, 1.118-1.120, 1.121-1.123, 1.128-1.130, 1.132, 1.142-1.159, 6.9-6.10, 7.1-7.48, 8.1-8.7.

## C.     *Mandamus jurisdiction*

Ms. Geschke's complaint alleges the Court has mandamus jurisdiction pursuant to 28 U.S.C. § 1361.  Dkt. 1 ¶ 1.20.  The Commissioner contends Ms. Geschke's complaint fails to allege facts establishing such jurisdiction.  Dkt. 11 at 16-17.  The Court agrees.

Under § 1361, federal district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  The U.S. Supreme Court has not decided whether the jurisdictional restriction in § 405(h) prohibits federal courts from hearing mandamus cases in social security cases, and instead has evaluated mandamus separately, assuming that mandamus jurisdiction may be invoked in such cases.  *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Kildare*, 325 F.3d at 1084 (§ 1361 is an appropriate basis for jurisdiction social security cases).

Mandamus jurisdiction is available only if "(1) the individual's claim is clear and certain;

(2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare*, 325 F.3d at 1084 (quotation omitted).  None of Ms. Geschke's claims satisfy all three of these requirements.  Her claim related to no pre-termination hearing is not clear and certain because she did not file a formal request for waiver of recoupment, and therefore no pre-termination hearing was required. *See Yamasaki*, 442 U.S. at 692-97; *Geschke I*, at *9.  As to her other due process claims, they are not colorable, as discussed above, much less clear and certain; moreover, the SSA did not have nondiscretionary duties related to these claims that were so plainly prescribed as to be free from doubt.  Similarly, the alleged multiplication and delay of proceedings do not raise a plainly proscribed nondiscretionary duty.  Finally, she has adequate remedies for her claimed errors in the Appeals Council's most recent denial—*i.e.*, the instant lawsuit appealing the ALJ's January 2011 decision—and her arguments regarding waiver of recoupment—*i.e.*, filing the required form and proceeding through the administrative process.

In short, Ms. Geschke fails to allege facts establishing the Court's mandamus jurisdiction, and therefore the Court recommends DISMISSING paragraph 1.20 of her complaint.

### D.     *Ms. Geschke's claims of federal question jurisdiction and civil rights violations*

Ms. Geschke's complaint alleges that her suit is brought under 42 U.S.C. § 1983 and that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a)(3).  Dkt. 1 ¶ 1.163.  The Commissioner argues that these allegations fail under Rules 12(b)(1) and (6).  Dkt. 11 at 14-15. The Court agrees.

The Act states in relevant part:  "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."  42 U.S.C. § 405(h).

REPORT AND RECOMMENDATION - 16

1   Therefore, as the Commissioner asserts, any allegation that the Court has jurisdiction under §

2   1331 is barred by § 405(h).  *See Weinberger v. Salfi*, 422 U.S. 749, 756-57 (1975).

3       The Commissioner also correctly argues that to the extent the Court has jurisdiction over

4   Ms. Geschke's claims related to § 1983 and § 1343(a)(3), she fails to state a claim upon which

5   relief may be granted.  First, Ms. Geschke does not allege facts establishing a § 1983 claim.

6   Section 1983 provides a remedy for deprivation of constitutional rights by a person acting under

7   color of state or local law—not federal law.  Here, Ms. Geschke brings her claims against the

8   Commissioner of the SSA—a federal employee—and fails to allege any facts establishing state

9   action.[3]  And if the Court were to construe Ms. Geschke's complaint as alleging a claim under

10  the federal equivalent of § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of*

11  *Narcotics*, 403 U.S. 388 (1971), it would also fail because she does not allege that the

12  Commissioner of the SSA, through her individuals acts, violated Ms. Geschke's constitutional

13  rights.  *See Iqbal*, 566 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and §

14  1983 suits, a plaintiff must plead that each Government-official defendant, through the official's

15  own individual actions, has violated the Constitution.").  Second, the complaint wholly fails to

16  allege facts establishing a claim under § 1343(a)(3), which provides that a district court has

17  jurisdiction only to the extent that civil actions to redress the rights referred to therein have been

18  authorized by law.  *See generally* Dkt. 1.

19      Accordingly, the Court recommends DISMISSING Ms. Geschke's allegations related to

20  42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a)(3), which are contained in paragraph 1.163

21  of the complaint.

22

23  _____
[3] Ms. Geschke names the SSA as the defendant, but as noted above, the proper defendant in this
action is the Commissioner of the SSA.

REPORT AND RECOMMENDATION - 17

1    ***E.      Motion for a more definite statement***

2          The Commissioner moves for a more definite statement of any claims over which the

3    Court retains jurisdiction.  Federal Rule of Civil Procedure 8 requires a complaint to contain "a

4    short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach

5    averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(a), (d).  If a

6    pleading is so vague or ambiguous that a defendant "cannot reasonably be required to frame a

7    responsive pleading, the party may move for a more definite statement."  Fed. R. Civ. P. 12(e).

8    Motions for a more definite statement, however, are disfavored and "ordinarily restricted to

9    situations where a pleading suffers from unintelligibility rather than want of detail."  *Hayton*

10   *Farms Inc. v. Pro–Fac Corp. Inc.*, No. C10–520–RSM, 2010 WL 5174349, at *4 (W.D. Wash.

11   Dec. 14, 2010) (quotation omitted).  If the opposing party is fairly notified of the nature of the

12   claim, the motion should be denied.  *Id.*

13         In support of her motion, the Commissioner argues that any valid claim contained in the

14   complaint "is buried in convoluted proclamations and alleged quotations."  Dkt. 11 at 13.

15   According to the Commissioner, "Plaintiff's complaint is so vague, ambiguous and rife with

16   multiple claims over which the Court lacks subject matter jurisdiction or which have not been

17   exhausted before SSA that the Commissioner cannot reasonably prepare a response."  *Id.* at 13-

18   14.  The Court disagrees with this characterization of Ms. Geschke's complaint.  Although the

19   complaint is overly long and contains numerous unnecessary allegations, it is not unnecessarily

20   vague, unambiguous, or unintelligible.  Rather, as noted above, Ms. Geschke states a plausible

21   claim for relief over which the Court has jurisdiction, namely that the ALJ erred in his January

22   2011 decision.  *See* Dkt. 1 ¶¶ 1.1-1.9, 1.160-1.161, 6.1-6.8.  The complaint also contains a

23   number of factual allegations that are arguably relevant to this claim.  *See id.* ¶¶ 1.59-1.60, 1.94-

REPORT AND RECOMMENDATION - 18

1.95, 1.131, 1.136, 1.139-1.140, 2.1-2.2, 2.4-2.5, 2.9, 2.11-2.16, 2.18-2.21.  The Court, therefore, recommends DENYING the Commissioner's motion for a more definite statement.

Nevertheless, the Court is sympathetic to the Commissioner's desire to have clarity regarding which allegations in the complaint survive the Court's ruling on the motion to dismiss. The Court has endeavored throughout this order to specify which allegations in the complaint were being dismissed or stricken.  Further, in light of the Court's rulings herein, the Court deems the allegations in the following paragraphs of the complaint either redundant or immaterial and recommends STRIKING them pursuant to Rule 12(f):  1.12-1.18, 1.23-1.40, 1.43-1.48, 1.98-1.111, 1.1115, 1.124-1.127, 1.133-1.135, 1.137-1.138, 1.141, 1.162, 2.6, and 2.17.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's motion to dismiss be GRANTED in part and DENIED in part.  Specifically, the Court recommends DISMISSING the following claims from the complaint:  (1) "Cause of Action" for "Failure to Consider Disability in 1999 through 2003," ¶¶ 4.1-4.7; (2) "Cause of Action" for "Failure to Consider Disability in 1996 through 1998—Missing Records," ¶¶ 5.1-5.5; (3) the Appeals Council erroneously denied Ms. Geschke's request for review of the ALJ's 2011 decision and failed to consider her arguments, ¶¶ 1.10-1.11, 1.142-1.159; (4) the ALJ's 2011 decision and the SSA improperly handled the issue of waiver of recoupment, ¶¶ 1.19, 1.21-1.22, 1.41, 1.118-1.120, 1.123, 1.132, 7.1-7.48; (5) "Cause of Action" for "10 Years Delay in Processing 2003 Notice, 20 Years Delay in Processing 1994 Disability Claim," ¶¶ 8.1-8.7; (6) due process violation for stopping benefits without a pre-termination hearing, ¶¶ 3.1-3.10; (7) due process violation for failing to consider arguments regarding expedited reinstatement of benefits, ¶¶ 6.9-6.10; (8) due process violation for December 24, 2008 actions taken by ALJ Dethloff, ¶¶ 1.78-

1.92; (9) due process violation for August 24, 2010 action taken by ALJ Dethloff, ¶¶ 1.128-1.130; (10) due process violation for issuing Appeals Council decisions that did not include notices of appeal rights, ¶¶ 1.110-1.114, 1.116, 1.121-1.122; (11) mandamus jurisdiction, ¶¶ 1.20; (12) federal question jurisdiction, ¶ 1.163; and (13) civil rights claims, ¶ 1.163.  The Court also recommends STRIKING as irrelevant the following paragraphs of the complaint:  1.12-1.18, 1.23-1.40, 1.42-1.58, 1.61-1.77, 1.93, 1.96-1.111, 1.1115, 1.124-1.127, 1.133-1.135, 1.137-1.138, 1.141, 1.162, 2.3, 2.6-2.8, 2.10, and 2.17.

If this Report and Recommendation is adopted, the only claims and allegations that survive are those related to the ALJ's treatment of the issues of overpayment and expedited reinstatement of benefits in the 2011 decision.  *See id.* ¶¶ 1.1-1.9, 1.59-1.60, 1.94-1.95, 1.131, 1.136, 1.139-1.140, 1.160-1.161, 2.1-2.2, 2.4-2.5, 2.9, 2.11-2.16, 2.18-2.21, 6.1-6.8.

If this Report and Recommendation is adopted, the Court recommends ordering the Commissioner to file and answer and referring the matter back to the undersigned judge for resolution of Ms. Geschke's remaining claims.

A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **December 11, 2013.**  If no objections are filed, the matter will be ready for the Court's consideration on **December 13, 2013**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed

///

///

///

REPORT AND RECOMMENDATION - 20

1    twelve pages.  The failure to timely object may affect the right to appeal.

2          DATED this 27th day of November, 2013.

3

4          _____
           BRIAN A. TSUCHIDA
           United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23