UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL GESCHKE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN, Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. C13-1069-MJP-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Carol Geschke seeks review of the Commissioner's decision that she was not entitled to expedited reinstatement of her Disability Insurance Benefits before March 2002. She claims the ALJ should have found her eligible to file for expedited reinstatement of benefits in 1998 and should have extended the time for filing for these benefits until March 2003. Dkt. 1 at 61-64. As discussed below, the Court recommends the Commissioner's decision be **AFFIRMED** and the case **DISMISSED** with prejudice.

## BACKGROUND

*A.   Procedural history*

This matter has a lengthy procedural history at both the administrative and federal court levels. For a full discussion of this history, see the Court's previous Report and Recommendation in this case (Dkt. 18) and the previous decision in *Geschke v. Astrue*, No. C08-

REPORT AND RECOMMENDATION - 1

323-MAT, Dkt. 39 (W.D. Wash. Sept. 18, 2008).  Briefly, the facts most relevant to the issue at hand are as follows:

Ms. Geschke began receiving disability benefits in 1994.  From 1995 through 2001, she engaged in substantial gainful activity.  She continued to receive disability benefits during this time.  In March 2007, the ALJ issued a decision that Ms. Geschke was ineligible for disability benefits from December 1998 through August 2003.  The Appeals Council denied review of that decision, and this Court and the Ninth Circuit affirmed.  That decision did not address the issue of overpayment.

In January 2011, the ALJ issued a decision finding that Ms. Geschke was not entitled to disability benefits for the period from March 1996 through February 2002; she was overpaid $72,759.38 during that period of time; the ALJ did not have jurisdiction over the question of waiver of recoupment of the overpayment because there was no initial determination by the Social Security Administration; and the SSA correctly concluded she was entitled to expedited reinstatement of her disability benefits effective in March 2002, but not before that date.  Tr. 27-44.  The Appeals Council denied Ms. Geschke's request for review and request for a hearing regarding waiver of recoupment of the overpayment.  Tr. 7-8.  The ALJ's January 2011 decision therefore became the Commissioner's final decision.

Ms. Geschke filed this case, appealing the January 2011 decision and alleging a number of other claims.  Dkt. 1 (Complaint).  The Commissioner filed a motion to dismiss and for a more definite statement.  Dkt. 11.  The undersigned Magistrate Judge issued a Report and Recommendation recommending dismissing most claims and specifying which claims and allegations should survive.  Dkt. 18.  The Court adopted the R&R and referred the matter back to the undersigned for resolution of the remaining claims.  Dkt. 19.

While the resolution of the motion to dismiss was pending, Ms. Geschke's counsel was suspended from the practice of law before this Court. Dkt. 13. As Ms. Geschke did not retain new counsel, she is now proceeding pro se in this matter. The Court issued a scheduling order, permitting Ms. Geschke to file an opening brief discussing her remaining claims and directing the Commissioner to file a responsive brief even if Ms. Geschke did not file an opening brief. Dkt. 21. Ms. Geschke did not file an opening brief. The Commissioner filed a responsive brief. Dkt. 23. The remaining claims are now ready for review.

## B.   *The remaining allegations*[1]

Ms. Geschke alleges that she was found to be disabled in 1995 and that her disability continues to the present date. Dkt. 1 ¶ 2.1-2.2. She alleges that she was found to be entitled to disability benefits and started receiving those benefits. *Id.* ¶ 2.4. She alleges that she returned to work in 1996, although she remained disabled and unable to fulfill the conditions of her employment. *Id.* ¶ 2.5. She alleges that in 2001, she was fired from her employer due to her disability, and she has not worked since that time, also due to her disability. *Id.* ¶ 2.9.

She alleges that in 2003, the SSA issued a notice that her benefits would be terminated retroactively, to 1998 or 1996, and Ms. Geschke timely appealed and filed for reinstatement of benefits. *Id.* ¶ 2.11. She alleges that her request for reinstatement was granted, but only as of the date for her request for reinstatement, not going back to 1998. *Id.* ¶ 2.12. She alleges that she should be granted reinstatement of benefits back to 1998, since it was impossible for her to have requested expedited reinstatement of benefits prior to the 2003 notice. *Id.* ¶ 2.13. She alleges that the SSA has never analyzed the issue of whether the expedited reinstatement application

---

[1] Many of the remaining allegations relate to the procedural history of this case and are not detailed here. *See* Dkt. 1 ¶¶ 1.1-1.9, 1.59-1.60, 1.94-1.95, 1.131, 1.136, 1.139-1.140, 1.160-1.161.

REPORT AND RECOMMENDATION - 3

should have been considered to have been filed at an earlier date, and that SSA has taken the position that since the 2003 request for expedited reinstatement was timely and was granted, there is no need to consider whether an earlier filing date should be assumed as a matter of equity.  Id. ¶ 2.14-2.15.

She alleges that in 2003 the SSA issued a notice that Ms. Geschke's benefits would be terminated retroactively, to 1998 or 1996, and issued an overpayment notice, which Ms. Geschke appealed.  Id. ¶ 2.16.  She alleges that she received a first notice in late February 2003 that her disability as of 1995 was in question and that she timely responded, requesting the basis for the SSA's decision and requesting reconsideration.  Id. ¶ 2.18-2.19.  She alleges that after receiving the February 2003 notice, she applied for redetermination of her eligibility for disability benefits, and a continuing disability review completed in March 2004 found her medically eligible for reinstatement of her benefits.  Id. ¶ 2.20.  She alleges that if she "had received timely notice from SSA, at any time in 1996, 1997, 1998, 1999, 2000, or 2001, she could have obtained the same Continuing Disability Review and determination that she was medically eligible for reinstatement of her disability benefits, at that time.  Ms Geschke was therefore prejudiced by the SSA's failure to issue any timely notification prior to 2003."  Id. ¶ 2.21.

C.  *The remaining claims*

Ms. Geschke's fourth cause of action, "Failure to Consider Argument for Earlier EXR" contains the sole remaining claims.  Id. ¶ 6.1-6.8.  Ms. Geschke alleges that on multiple occasions she and her counsel had requested an earlier onset date of expedited reinstatement of benefits ("EXR"), but the earliest date allowed by the SSA was August 2002, one year before the earliest document Ms. Geschke filed requesting expedited reinstatement.  Id. ¶ 6.2-6.3.  She alleges that Social Security regulations "would have allowed earlier reinstatement of benefits, as

REPORT AND RECOMMENDATION - 4

Ms. Geschke's filing date could have been considered to have been filed earlier, for good cause under 42 USC 423(i)(1)(C)(ii)," and that the SSA's failure to give notice of an adverse decision was good cause  *Id.* ¶ 6.5.  She alleges that the SSA was obligated to inform Ms. Geschke it was performing continuing disability reviews in 1996, 1997, and 2001, and that where there is a duty to inform, the failure to inform is a type of "misinformation" as used in 42 U.S.C. § 402(j)(5).  *Id.* ¶ 6.6.  She alleges that the SSA should have held Ms. Geschke "eligible to file" for expedited reinstatement of benefits in 1998, and should have "'extended' the time for filing" until March 2003, the date she first received notice that the SSA would retroactively terminate her benefits, which would allow benefits to resume as of the time Ms. Geschke alleges she was physically incapable of working.  *Id.* ¶ 6.8.  She alleges, "Clearly, in fairness, Ms. Geschke's benefits should be recommenced at the earliest date when she first went on long-term disability rather than working."  *Id.*

## DISCUSSION

This Court reviews the Commissioner's decision to determine if it is free of legal error and supported by substantial evidence.  42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  In the only finding that remains at issue in this case, the ALJ found that the "Social Security Administration correctly concluded [Ms. Geschke] was entitled to expedited reinstatement of Social Security Disability Insurance Benefits effective March 2002, based on the letter of March 2, 2003, but not prior thereto."  Tr. 44.

Ms. Geschke claims she should have been allowed an earlier reinstatement of benefits because that the SSA should have found Ms. Geschke "eligible to file" for expedited reinstatement in 1998, and should have "'extended' the time for filing" until 2003, when she actually did file.  Dkt. 1 ¶ 6.8.

The Commissioner argues that the ALJ reasonably determined that Ms. Geschke was overpaid from March 1996 through February 2002.  Dkt. 23 at 4.  The Commissioner argues that the ALJ reasonably relied on SSA findings that considered the evidence in Ms. Geschke's favor to reduce its original overpayment notice from more than $90,000 to $72, 759.38, and to establish the earliest possible reinstatement date.  Dkt. 23 at 4-5.  And the Commissioner argues that the ALJ reasonably rejected Ms. Geschke's arguments of estoppel and laches with regard to inferring an earlier reinstatement date.  *Id.* at 6-7.

The ALJ found that under the Social Security Act and the corresponding regulations, a request for reinstatement must be in writing.  Tr. 38-39, 41.  The ALJ found that while Ms. Geschke first requested reinstatement in August 2003, the SSA issued a redetermination finding that it would infer a request for reinstatement in a letter dated March 2, 2003.  Tr. 41.  The SSA therefore reinstated benefits as of March 2002, 12 months before the inferred request.  *Id.*  The ALJ found this to be an "exceptionally generous and an extremely liberal interpretation" of the March 2003 letter, but declined to disturb the finding.  *Id.*

The ALJ rejected Ms. Geschke's arguments that the equitable principles of estoppel and laches supported finding an earlier reinstatement date.  Tr. 42-43.  The ALJ relied on the line of cases including *Simon v. Califano*, 593 F.2d 121 (9th Cir. 1979) (*per curiam*), and culminating in *Schweiker v. Hansen*, 450 U.S. 745 (1981) (*per curiam*), to find that the statutory requirement to file a written application could not be dispensed with in equity under an estoppel theory or under the doctrine of laches.  Tr. 42.

In *Simon*, an SSA employee who filled out an application on the claimant's behalf erroneously wrote that the claimant had no children, despite the fact that the claimant had two children who were eligible for benefits, resulting in a failure to file a written application on their

REPORT AND RECOMMENDATION - 6

behalf. *Simon*, 593 F.2d at 122. The court held that the error was mere negligence and not affirmative misconduct that would permit equitable estoppel to be invoked against the government. *Simon*, 593 F.2d at 123. In *Schweiker*, an SSA employee erroneously told the applicant that she was not eligible for benefits and failed to follow agency instructions that he recommend filing a written application. *Schweiker*, 450 U.S. at 786. The Supreme Court held that this conduct did not rise to the level of misconduct that would raise a serious question as to whether the SSA was estopped from requiring compliance with the requirement to file a written application. *Id.* at 790. Although those cases involved the requirement that an initial application for benefits be in writing, the Court finds no legal error in applying their reasoning to the requirement that a request for reinstatement of benefits be in writing. And, as in those cases, any error on the part of the SSA alleged by Ms. Geschke does not rise to the level required to invoke estoppel against the SSA. The ALJ did not err in finding that Ms. Geschke could not assert the equitable principles of estoppel or laches in this case.

The ALJ further found that the doctrine of laches is inapplicable to this case because Ms. Geschke was obligated to inform the SSA of her work activity and thus the SSA could not be found to be the cause of her delay in filing a written request for reinstatement. Tr. 42-43. The ALJ noted that while earnings posted to Ms. Geschke's Social Security account could theoretically cause the SSA to become aware of her work activity, the claimant has the responsibility to inform the SSA of changes in her work status under 20 C.F.R. § 404.1588. Tr. 42. The ALJ noted that this responsibility is contained in the initial award notice and is reiterated on a frequent basis in other periodic notices. *Id.* The ALJ noted that a recipient of benefits would have the earliest and most complete information about a change of work status, whereas the SSA has millions of accounts to monitor with a few thousand employees. Tr. 43.

REPORT AND RECOMMENDATION - 7

1   The doctrine of laches requires proof of lack of diligence by the party against whom the
2   defense is asserted, and prejudice to the party asserting the defense. *Costello v. United States*,
3   365 U.S. 265, 282 (1995). The Court agrees with the ALJ's assessment that the SSA's failure to
4   detect the earnings posted to Ms. Geschke's Social Security account was not the cause of her
5   delay in filing a written request for reinstatement of benefits. The Court finds no legal error in
6   the ALJ's analysis of this issue.

7   The Court has reviewed the record and the ALJ's rationale and finds that ALJ's decision
8   is supported by substantial evidence and free of legal error. Accordingly, the Court finds no
9   basis to reverse the ALJ's decision and recommends that it be affirmed.

## CONCLUSION

11  For the foregoing reasons, the Court recommends that the Commissioner's decision be
12  **AFFIRMED** and the case be **DISMISSED** with prejudice.

13  A proposed order accompanies this Report and Recommendation. Objections, if any, to
14  this Report and Recommendation must be filed and served no later than **April 4, 2014**. If no
15  objections are filed, the matter will be ready for the Court's consideration on that date. If
16  objections are filed, any response is due within 14 days after being served with the objections. A
17  party filing an objection must note the matter for the Court's consideration 14 days from the date
18  the objection is filed and served. Objections and responses shall not exceed twelve pages. The
19  failure to timely object may affect the right to appeal.

20  DATED this 21st day of March, 2014.

        /s/ BAT
        BRIAN A. TSUCHIDA
        United States Magistrate Judge

REPORT AND RECOMMENDATION - 8